IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>vs.<br><br>DOLORES MARIA TORRES,<br><br>      Defendant. | 8:13-CR-43<br><br>ORDER |

  This matter is before the Court on the above-captioned defendant's objection (filing 455) to the Magistrate Judge's order (filing 453) striking her motion to dismiss (filing 451) as untimely. The objection will be overruled.

  At arraignment in a criminal case, the Magistrate Judge sets discovery and pretrial motion deadlines. NECrimR 12.3(a); *see also,* Fed. R. Crim. P. 12(c); *United States v. Green*, 691 F.3d 960, 965-66 (8th Cir. 2012); *United States v. Salgado-Campos*, 442 F.3d 684, 685-86 (8th Cir. 2006). "These dates are strictly enforced." NECrimR 12.3(a). The defendant was arraigned on January 13, 2014, and an order entered the same day set a pretrial motion deadline of February 3. Filing 233. That deadline elapsed without extension. Nonetheless, on September 19, the defendant filed a motion to dismiss. Filing 451. That motion was supported by a brief (filing 444), but no evidence was submitted. *See* NECrimR 12.3(b)(2). And more pertinently, the defendant neither requested leave to file an untimely motion, *see* NECrimR 12.3(a), nor explained any good cause for relief from the deadline. *See, id.*; Fed. R. Crim. P. 12(e); *Green*, 691 F.3d at 965-66; *Salgado-Campos*, 442 F.3d at 685-86. The Magistrate Judge struck the motion as untimely. Filing 453.

  In response, the defendant has objected. Filing 455. For the first time, in her objection, the defendant attempts to explain why she filed an untimely motion. She asserts that the Magistrate Judge's ruling "is based on the assumption that all relevant information was available to file such motion at the time discovery was exchanged." Filing 455 at 1. Of course, the Magistrate Judge had nothing to rely upon but that assumption, because the defendant provided nothing else to rely upon. And the defendant has still not explained why the information, upon which her motion to dismiss relies, was not reasonably available to her well before now—if not from the U.S. Attorney, then from the previous counsel or the defendant herself. In fact, the defendant has, again, provided *no* evidence supporting her factual claims.

But more problematic is the defendant's disregard for basic procedure: the defendant is objecting to the Magistrate Judge's order on grounds that were not put before the Magistrate Judge in the first instance. The proper procedure, if there is good cause to extend the pretrial motion deadline, is to request an extension from the Magistrate Judge, and support that request with evidence establishing good cause, as required by NECrimR 12.3(a) and Fed. R. Crim. P. 12(e). The defendant's disregard for that procedure—and her failure, even now, to provide a showing of good cause—precludes the Court from finding that the Magistrate Judge erred in any respect.

IT IS ORDERED:

1. The defendant's Statement of Objection (filing 455) is overruled.

Dated this 22nd day of September, 2014.

BY THE COURT:

_(signature)_
John M. Gerrard
United States District Judge