IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 8:13CR43 |
| | ) | |
| V. | ) | |
| | ) | |
| DOLORES MARIA TORRES, | ) | FINDINGS AND |
| | ) | RECOMMENDATION |
| Defendant. | ) | |
| | ) | |

This matter is before the Court on Defendant Dolores Torres's ("Defendant") Motion to Dismiss. ([Filing 470](#).) For the reasons explained below, the undersigned will recommended to United States District Court Judge John Gerrard that the motion be denied.

## BACKGROUND

Defendant is charged with conspiracy to distribute and possession with intent to distribute methamphetamine, heroin, and cocaine in violation 21 U.S.C. §§ 846 and 841. Defendant claims that double jeopardy bars her prosecution because, in 2011, she was convicted in the Southern District of California of a charge "now disclosed as activity associated with the current conspiracy charge filed by the Federal Government." ([Filing 470](#).) The 2011 conviction stemmed from an incident in which Defendant and another individual attempted to transport drugs from Mexico into California. Defendant's most recent Pretrial Services Report indicates that as a result of the California incident, Defendant was charged with, and convicted of, importation of a controlled substance in violation of 21 U.S.C. §§ 952 and 960. ([Filing 463](#).)

Defendant also maintains that the doctrine of collateral estoppel precludes prosecution of this action. Defendant contends that the government is attempting to re-litigate something that was conclusively determined in the California proceeding. Defendant claims that if this matter is tried, the evidence that will be presented at trial will include the activity that occurred in 2011, which was litigated and plead to by Defendant.

Additionally, Defendant claims that the government's delay in prosecuting this action has prejudiced her ability to defend herself because witnesses previously available can no longer be located.

## DISCUSSION

Defendant argues that prosecuting her in this Court violates her rights under the Double Jeopardy Clause of the United States Constitution. The Double Jeopardy Clause bars successive prosecutions or multiple punishments for the same offense. U.S. Const. Amend. V. Whether two offenses are the "same offense" is determined by application of the "same elements" test. *See Blockburger v. United States*, 284 U.S. 299, 304 (1935). This test essentially asks whether the offense charged in the subsequent prosecution "requires proof of a fact which the other does not." *Id*. "If not, they are the same offense and double jeopardy bars additional punishment and successive prosecution." *State v. Winkler*, 266 Neb. 155, 160, 663 N.W.2d 102, 107 (2003).

It is clear that Defendant's double jeopardy claim lacks merit. To show a violation of 21 U.S.C. § 846, the government must establish that an agreement to engage in the distribution of drugs existed between two or more people, including the defendant. *United States v. Frayer*, 9 F.3d 1367, 1373 n.3 (8th Cir. 1993). The government does not need to show the existence of an agreement to obtain a conviction for importation of drugs under 21 U.S.C. §§ 952 and 960. Moreover, it is well-established that "[t]he commission of a substantive offense and a conspiracy to commit that offense are two separate and distinct crimes." *United States v. Muza*, 788 F.2d 1309, 1312 (8th Cir. 1986) (quoting *United States v. Shigemura*, 682 F.2d 699, 705 n.11 (8th Cir. 1982).

Defendant's assertion that collateral estoppel precludes prosecution of this action likewise fails. In addition to double jeopardy, the Fifth Amendment embodies the rule of collateral estoppel. This doctrine is explained as simply meaning that "when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit." *Ashe v. Swenson*, 397 U.S. 436, 443 (1970). "The burden of proof is on the defendant to show that the verdict in the first trial necessarily decided the fact or issue sought to be precluded in the second trial." *U.S. v.*

*Bearden*, 265 F.3d 732, 735 (8th Cir. 2001). Defendant has not met this burden. Defendant vaguely asserts that the "prior charge had the elements of a conspiracy involved in that two people were in the vehicle that was stopped coming into the United States and that the information reviewed by the sentencing judge appeared to indicate that the two parties in the vehicle were associated with someone else." (Filing 471 at CM/ECF p. 3.) However, Defendant's generalized statements regarding evidence of a conspiracy in 2011, and assumptions as to what the sentencing judge considered in the California case, is insufficient to satisfy her burden of proof. Defendant has not presented any evidence tending to show that an issue sought to be litigated in this case was necessarily or actually determined in the California action.

Finally, Defendant claims that her defense has been substantially prejudiced by the government's delay in prosecuting this action. Defendant claims she has been prejudiced because witnesses are no longer available for examination. Defendant has not, however, identified any specific individual who is no longer available, nor has she otherwise shown how her ability to defend herself has been prejudiced.

Accordingly,

**IT IS HEREBY RECOMMENDED** to District Court Judge John Gerrard that Defendant's Motion to Dismiss (filing 470) be denied.

The parties are notified that failing to timely object to this Findings and Recommendation may constitute a waiver of any objection.

**DATED October 14, 2014.**

                                             **BY THE COURT:**

                                             S/ F.A. Gossett
                                             **United States Magistrate Judge**